# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| KOMPAN A/S and KOMPAN, INC., <br><br>Plaintiffs, <br><br>v. <br><br>GAMETIME, et al., <br><br>Defendants, <br><br>and <br><br>GREAT WESTERN RECREATION, LLC, <br><br>Respondent. | MEMORANDUM DECISION AND ORDER <br><br><br><br>Case No. 1:24-mc-00083-TS-JCB <br><br><br><br><br><br>District Judge Ted Stewart <br><br>Magistrate Judge Jared C. Bennett |

## INTRODUCTION

On September 30, 2021, Plaintiffs Kompan A/S and Kompan, Inc. (collectively, "Plaintiffs") commenced a copyright-infringement action in the United States District Court for the Western District of Texas ("Texas Case").[1] The named defendants in the Texas Case (collectively, "Defendants") manufacture and sell, among other things, playground equipment. In the Texas Case, Plaintiffs contend that a subset of that playground equipment infringes on Plaintiffs' copyrights.

---

[1] *Kompan A/S v. GameTime*, 1:21-cv-00877-ADA (W.D. Tex.), ECF No. 1.

Discovery in the Texas Case opened in January 2023.[2] In March 2024, while discovery was ongoing, Plaintiffs gave notice that they would be issuing subpoenas duces tecum in waves to nonparty distributors of Defendants' playground equipment. By April 2024, Plaintiffs had notified Defendants of over fifty such subpoenas. One of those subpoenas ("Subpoena") was directed to Respondent Great Western Recreation, LLC ("Respondent") and sought, among other things, certain distributor agreements, invoices, and email communications. Respondent served timely objections to the Subpoena on April 10, 2024.

Discovery in the Texas Case closed on May 7, 2024.[3] Nevertheless, on May 10, 15, and 21, Plaintiffs filed nine motions to compel compliance with certain of the above-referenced subpoenas in various jurisdictions across the country, including a motion filed in this case. Additionally, on May 21, 2024, Plaintiffs filed a motion in the Texas Case requesting that the court presiding over the Texas Case compel Defendants to produce, among other things, the same documents sought by the Subpoena.[4] The court presiding over the Texas Case has not yet ruled on that motion to compel.

A few days later, Plaintiffs initiated the instant action by filing a short form motion to compel Respondent to produce documents in response to the Subpoena.[5] Subsequently, the court held a status conference at which it struck Plaintiffs' short form motion, ordered full briefing

---

[2] *Id.*, ECF No. 36.
[3] *Id.*
[4] *Id.*, ECF No. 89.
[5] ECF No. 1.

under DUCivR 7-1(a)(4)(D) on the issues presented in Plaintiffs' motion, and set deadlines for that briefing.[6]

Plaintiffs later filed their motion to compel as ordered by the court.[7] Respondent then filed its opposition to Plaintiffs' motion,[8] as well as a motion to seal a declaration in support of the opposition.[9] Plaintiffs subsequently filed their reply.[10] The court held oral argument on the motions on July 1, 2024.[11] After hearing argument from the parties' counsel, the court took the motions under advisement.

The court has carefully considered the parties' written submissions and counsel's oral arguments. For the reasons set forth below, the court transfers Plaintiffs' motion to compel and Respondent's motion to seal to the Western District of Texas.

## ANALYSIS

The court transfers Plaintiffs' motion to compel and Respondent's motion to seal to the Western District of Texas because exceptional circumstances exist to warrant the transfer. Fed. R. Civ. P. 45(f) provides: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." With respect to exceptional circumstances, the advisory committee notes to Fed. R. Civ. P. 45 explain that "[i]n some

---

[6] ECF No. 10.

[7] ECF No. 12.

[8] ECF No. 14.

[9] ECF No. 17.

[10] ECF No. 20.

[11] ECF No. 28.

circumstances, . . . transfer [of subpoena-related motions] may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[12]

Exceptional circumstances exist to warrant transfer of the two subpoena-related motions in this case to the Western District of Texas because, if this court were to rule on the motions, it would disrupt the Western District of Texas's management of the Texas Case. First, as noted above, Plaintiffs have issued at least fifty subpoenas duces tecum to nonparties across the country and moved various courts, including this court, to compel compliance with at least nine of those subpoenas. Thus, the same discovery issues are likely to arise—and have arisen—in many districts. Under those circumstances, "[t]he chance for divergent rulings is almost guaranteed."[13]

Relatedly, discovery in the Texas Case has closed. The Western District of Texas must decide whether to allow third-party discovery this late in the game, which may require postponing trial. This court cannot presume to interfere with the Western District of Texas's right to decide when this case should proceed to trial. Accordingly, exceptional circumstances exist because this court does not want to interfere with the Western District of Texas's management of the Texas Case.

---

[12] Fed. R. Civ. P. 45 advisory committee notes to 2013 amendment, subdivision (f).

[13] *Kompan A/S v. Kraftsman Equip., L.P.*, No. 4:24-mc-814, 2024 WL 3012507, at *2 (S.D. Tex. June 14, 2024) (transferring Plaintiffs' motion to compel compliance with subpoena to Western District of Texas under Fed. R. Civ. P. 45(f) based on the existence of exceptional circumstances); *see also Kompan Inc. v. Cunningham Assocs., Inc.*, No. 3:24-MC-00062-KDB-DCK, 2024 WL 3190958, at *2 (W.D.N.C. June 26, 2024) (same).

Second, Plaintiffs' motion to compel in this case presents discovery issues that overlap with Plaintiffs' motion to compel in the Texas Case, and the court presiding over the Texas Case has not yet ruled on Plaintiffs' motion to compel. That court should be given the first opportunity to resolve those issues.[14] Accordingly, the court transfers the two subpoena-related motions in this case to the Western District of Texas.

### ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Plaintiffs' motion to compel[15] and Respondent's motion to seal[16] are provisionally transferred to the court presiding over the Texas Case in the Western District of Texas.[17]

2. If no party files objections to this Memorandum Decision and Order within 14 days as provided in Fed. R. Civ. P. 72(a), the Clerk of Court shall complete the transfer upon expiration of that 14-day period.

---

[14] *Cunningham Assocs., Inc.*, 2024 WL 3190958, at *2 (concluding that exceptional circumstances existed under Fed. R. Civ. P. 45(f) to warrant transfer of Plaintiffs' motion to compel compliance with subpoena to Western District of Texas, in part because there was "significant overlap" with that motion and Plaintiffs' motion to compel in the Texas Case); *Kraftsman Equip., L.P.*, 2024 WL 3012507, at *3 (transferring Plaintiffs' motion to compel compliance with subpoena to Western District of Texas under Fed. R. Civ. P. 45(f), in part because the court presiding over the Texas Case "is familiar with the substantive issues and the procedural history" and "is the only court that can uniformly and informatively address the approximately fifty subpoenas and the nine motions to compel").

[15] ECF No. 12.

[16] ECF No. 17.

[17] *Kompan A/S v. GameTime*, 1:21-cv-00877-ADA (W.D. Tex.).

3.  If any party files timely objections to this Memorandum Decision and Order under Fed. R. Civ. P. 72(a), District Judge Ted Stewart will make the final determination about the transfer.

IT IS SO ORDERED.

DATED this 8th day of July 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge
